UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES**<br><br>v.<br><br>**ESTES CARTER THOMPSON III** | Docket No. 24-CR-10107 |

**SENTENCING MEMORANDUM**

The Defendant, Estes Carter Thompson III, submits this memorandum in aid of sentencing. On March 6, 2025, Mr. Thompson tendered a guilty plea to two charges: (1) sexual exploitation of children in violation of 18 U.S.C. § 2251, and (2) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He did so pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C); that agreement contemplates a sentence of between 15 and 20 years imprisonment. At the Rule 11 hearing, the Court deferred acceptance of Mr. Thompson's plea until the sentencing hearing. For the reasons that follow, the defense requests that the Court accept his plea and impose a 15 year prison sentence, followed by a period of 5 years of supervised release. Mr. Thompson is a first-time offender, deeply remorseful, and amenable to rehabilitative efforts. As such, a sentence of 15 years imprisonment—followed by 5 years of supervised release requiring treatment and supervision—is "sufficient, but not greater than necessary" to fulfill the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

Application of Sentencing Guidelines

There is no dispute as to the application of the sentencing guidelines in this case.[1] USSG

---

[1] The calculation of the offense level contained in the plea agreement differs slightly from the offense level as calculated in the presentence report. In the plea agreement, the parties agreed that the total offense level was 43. The presentence report concluded that the total offense level was 42. This divergence arose out of the parties' mistaken application of the grouping principles and combined offense level calculation under USSG § 3D1.4. The

1

§2G2.1(a) establishes a base offense level of 32 for violations of 18 U.S.C. § 2251(a). Because the offense conduct involved minors below 12 years of age, 4 additional levels are added under USSG §2G2.1(b)(1)(B). Due to the existence of multiple victims and the application of USSG §3D1.4, an additional four levels are added. An additional five levels are added under USSG §4B1.5(b)(1) because the case involved a pattern of activity involving prohibited sexual conduct. After acceptance of responsibility, the total offense level is 42.

## Thompson's Background and Personal Characteristics

Mr. Thompson's background contains no hint of prior criminal behavior or troubles like those for which he is now being sentenced. Adopted as an infant, he was raised in a middle class environment in the Raleigh, North Carolina area. He did well in school, played sports, and got along well with peers. His family was religious. Mr. Thompson regularly attended church, participated in Christian youth groups and took part in a variety of trips and volunteer opportunities. In letters of support, his parents and family friends uniformly describe him as a kind, respectful youth and express optimism that he has the capacity to be rehabilitated.

After graduating high school, he attended East Carolina University. Although he eventually graduated with a degree in theater arts, during college Mr. Thompson developed an unhealthy relationship with alcohol. After graduating, he obtained a job as a flight attendant for American Airlines. While it did not affect his job performance and he would work for American Airlines for over ten years, his alcohol use continued and remained problematic. Mr. Thompson also experienced depression and bouts of anxiety, for which he sought counselling. Mr. Thompson also had ongoing issues with sleep disturbances that affected his quality of life; he

---

parties have conferred regarding this issue, agree that the presentence report properly calculates an offense level of 42, and will jointly move at sentencing to amend the plea agreement to reflect the correct calculation.

sought treatment from a sleep specialist over a number of years. He has been prescribed Ambien and utilized a CPAP machine in the past to address his sleep issues.

Between 2017 and 2020, Mr. Thompson abstained from alcohol use and was sober for several years. With sobriety, he saw improvements to both his sleep and mental state. Unfortunately, those lifestyle changes were relatively short lived. During the isolation of the pandemic, Mr. Thompson was unable to work and took to drinking again. His alcohol use steadily worsened until he checked himself into a rehabilitation facility following the August 2023 incident resulting in these charges. Throughout the period of time Mr. Thompson was engaging in the offense conduct, he was regularly abusing alcohol, accruing deficits in his sleep, and deeply depressed.

Mr. Thompson has been in custody since his arrest in January 2024 and has had ample time to reflect on his actions. He fully acknowledges the wrongfulness of his conduct and is remorseful for the harm he has caused. At the same time, he has also come to view this arrest as a much-needed intervention and opportunity to address the corrosive behaviors which resulted in his offenses. Now sober and with a better appreciation of the need for sex offender specific treatment, Mr. Thompson intends to avail himself of necessary rehabilitative services to the fullest extent possible.

## Argument

In fashioning a fair and just sentence, the Court must consider the factors enumerated in 18 U.S.C. § 3553(a) and balance competing considerations. It goes without saying that the facts and circumstances of Mr. Thompson's offenses are serious and disturbing. Indeed, any offense of this nature is sufficiently serious that Congress has established a mandatory minimum sentence of not less than 15 years imprisonment. As serious and disturbing as it may be,

however, Mr. Thompson's conduct was purely voyeuristic and can be distinguished from other cases involving hands-on violations of § 2251(a).  See *United States v. Atticus Bernard*, 21-cr-10224 (20 year sentence for hands-on offenses to 2 toddler victims); *United States v. Michael Geoffrey*, 21-cr-30001 (20 year for hands-on offenses to minor victim*); United States v. Nichole Cyr*, 20-cr-10303 (25 year sentence for hands-on offenses to 2 young children for whom defendant had babysat).

This case simply does not present the same level of victimization.  The case presenting facts most similar to those here is *United States v. Thai*, 19-cr-10108-WGY, where the Defendant was convicted of sneaking into a bathroom at Boston Latin School and recording minors on numerous occasions. The sentence imposed in that case was 12 years imprisonment. Mr. Thompson's crimes also, fortunately, do not involve the distribution of any of the recordings he made—an aggravating factor also present in some cases.  As such, a fifteen year prison sentence appropriately reflects the gravity of Mr. Thompson's crimes, provides just punishment, promotes respect for the law, and accounts for deterrence.

On the other side of the ledger, the Court cannot ignore that Mr. Thompson is a first time offender.  He has no prior convictions and a history of law-abiding behavior.  His personal history and characteristics do not suggest that he is incapable of rehabilitation—just the opposite. Mr. Thompson has accepted responsibility for his actions and acknowledges that what he did was wrong.  In no way, shape or form has he attempted to condone or distort his conduct.

Moreover, incarceration is a blunt instrument and hardly the only tool at the Court's disposal.  § 3553(a) also directs the Court to consider the need for the sentence imposed to provide for "corrective treatment in the most effective manner."  Mr. Thompson's conduct took place at a time in his life when he was isolated, struggling with depression and excessive alcohol

use. Under the supervision of the probation office, the Court can ensure that Mr. Thompson addresses these issues alongside securing much needed sex-offender specific treatment. With those services in place, there is good reason to believe that Mr. Thompson's risk of reoffense is "low" and he can be "safely managed in the community." *See Report of Psychological and Sexual Evaluation of Estes Thompson,* submitted by Leo D. Keating, LICSW (submitted under seal).

It should also be noted that under the onerous conditions of supervision proposed by probation, Mr. Thompson would hardly be left to his own devices upon release. His access to minors will be restricted and his electronic devices monitored. He will be registered as a sex offender and the probation office will closely monitor his activities to mitigate potential risks to third parties. Mr. Thompson has no objection to the conditions proposed by the probation department and intends to follow through with all treatment recommendations.

## Conclusion

For the foregoing reasons, Estes Carter Thompson III requests that the Court impose a fifteen year sentence, followed by five years of supervised release with the special conditions detailed in the presentence report, a mandatory special assessment of $200, and forfeiture as sought by the government. Mr. Thompson further requests that the Court impose no fine or assessment under the JVTA/AVAA as the information before Court establishes he is indigent and unable to pay. Lastly, Mr. Thompson requests a judicial recommendation that he be designated to FMC-Butner in North Carolina, as that facility both offers sex offender treatment for inmates as well as would facilitate visitation by Mr. Thompson's family.

Respectfully submitted,

*/s/ Scott Lauer*
Scott Lauer (BBO #667807)

Federal Public Defender Office  
51 Sleeper Street, 5th Floor  
Boston, MA 02210  
(617) 223-8061  
scott_lauer@fd.org

**CERTIFICATE OF SERVICE**

 I, Scott Lauer, hereby certify that this document(s) and accompanying exhibits filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 17, 2025. A copy will also be sent via email to U.S. Probation Officer Crystal Monteiro.

<u>/s/ Scott Lauer</u>  
Scott Lauer